LIA ARNOLD ROBERTS REVOCABLE TRUST, AURELIA ARNOLD ROBERTS, Trustee, Appellant, v. COUNTY OF CLARK, a Political Subdivision of the State of Nevada, Respondent.

No. 24976

July 15, 1997          942 P.2d 133

*Kermitt L. Waters,* Las Vegas, for Appellant.

*Stewart L. Bell,* District Attorney, *Charles A. Paine,* Deputy District Attorney, Clark County, for Respondent.

*Frankie Sue Del Papa,* Attorney General, and *Brian Randall Hutchins,* Chief Deputy Attorney General, Carson City, for Amicus Curiae State of Nevada.

---

## OPINION

*Per Curiam:*

The issue presented in this appeal was decided in State, Department of Transportation v. Barsy, 113 Nev. 712, 941 P.2d 971 (1997), where we held that NRS 37.175 does not preclude a higher rate of interest on judgments in condemnation cases if it is shown that a higher rate of interest is necessary to provide a reasonable rate of return. Therefore, we reverse that portion of the district court's judgment pertaining to prejudgment interest and remand based upon that recent decision.

### FACTS

On September 23, 1991, Clark County brought an eminent domain action against Roberts seeking a .59 acre parcel of real property in conjunction with the Palm/Pecos Interconnect project. On the same date, Clark County also filed a motion for immediate occupancy. On November 19, 1991, Clark County took possession of the property pursuant to the district court's order of immediate occupancy. As a condition to the granting of the order, Clark County deposited $300,000.00 with the court clerk on December 12, 1991.

The case was tried before a jury, and on March 25, 1993, the jury set total just compensation at $500,000.00. The district court's judgment on the verdict stated: "[T]he Defendant, Lia Roberts, shall receive statutory interest on the balance of the $200,000 from the 19th day of November, 1991, the date of the Order of Immediate Occupancy, at the statutory rate until paid."

On June 8, 1993, Clark County served a notice of deposit on Roberts informing it that $214,825.75 had been deposited with the court clerk. This sum included statutory costs, prejudgment interest, and post-judgment interest. Clark County had calculated prejudgment interest at four percent based on the one-year United States treasury bill pursuant to NRS 37.175. On June 16, 1993, Roberts filed a motion to amend the judgment and attacked Clark County's reliance on NRS 37.175. Roberts attached the affidavit of Dr. Thomas Carroll to the motion, and the affidavit stated that an eight percent rate of interest (calculated pursuant to NRS 17.130 by using the prime rate of the largest bank in Nevada and adding two percent) provided a more accurate return on the loss of the use of *property* than the one-year treasury bill rate. In

response to the motion, Clark County relied on NRS 37.175 and submitted a copy of the Federal Reserve bulletin to assist the court in computing the one-year treasury bill rate.

Alternatively, Roberts asked the court to: (1) declare NRS 37.175 unconstitutional as a violation of the equal protection clause of the Fourteenth Amendment, (2) adopt the rate established by NRS 17.130, or (3) set a date for an evidentiary hearing to determine what interest rate would provide just compensation.

On August 10, 1993, the district court rendered a written decision denying Roberts' motion. The district court determined that Roberts was not entitled to a higher rate of interest because the four percent rate was based on a relevant market indicator. Further, the district court stated that the fact that the State had used a different means to determine the interest rate applicable to different judgments was irrelevant to the question of whether a legitimate state interest exists. Finally, the district court concluded that in the absence of a showing by Roberts that the State was without a right to set statutory interest rates, the court could not question the rate established by NRS 37.175.

Roberts filed a timely appeal.

## DISCUSSION

In the recent decision of State, Department of Transportation v. Barsy, 113 Nev. 712, 941 P.2d 971 (1997), this court upheld a condemnee's right to receive a reasonable rate as prejudgment interest if competent evidence showed that a reasonable rate of interest would be other than that stated in NRS 37.175. The Roberts Family Trust moved to amend the judgment entered pursuant to the jury verdict to reflect a prejudgment interest rate of eight percent. This motion was supported by an expert's affidavit stating that the rate set forth in NRS 37.175 was inadequate and that the appropriate prejudgment interest rate to provide a reasonable return on the judgment amount should have been eight percent per annum. Once such a showing is made, a district court should make a determination, after holding an evidentiary hearing, if necessary, of what interest rate will provide the condemnee with reasonable compensation.

Accordingly, we reverse that portion of the judgment of the district court pertaining to prejudgment interest and remand to the district court for a determination of the appropriate rate of interest pursuant to *Barsy.* The judgment is affirmed in all other respects.[1]

---

[1] THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this matter.